IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL CASE NO.: |
| v. | : | 2:23-CR-12-SCJ-JCF |
| | : | |
| PATRICK JOHN AGNEW | : | |

# ORDER

This matter is before the Court on Defendant's Motion for Bond. (Doc. 14). Defendant was originally arrested and charged by the State of Georgia with four counts of Sexual Exploitation of Children, and ultimately bond was denied by a Jackson County Superior Court Judge. (*Id*. at 1). Thereafter, Defendant was indicted in this Court and taken into federal custody on a writ of *habeas corpus ad prosequendum*. (*Id*.; *see also* Docs. 1, 5). In response to Defendant's motion, the Government contends that Defendant's request for a bond in this Court should be denied as premature because the Georgia charges have not yet been dismissed and no bond appears to have been issued by the state court[1], and as Defendant is before this Court on a writ of *habeas corpus ad prosequendum*, he is still technically in state custody. (*See* Doc. 15). The undersigned agrees.

"Habeas corpus *ad prosequendum*, a writ derived from English common law, has historically been 'issue[d] when it [wa]s necessary to remove a prisoner,

---

[1] Defendant did not indicate in his motion that the state charges have been dismissed or that he has been given a bond on the state charges. (*See* Doc. 14).

in order to prosecute . . . in any court, or to be tried in the proper jurisdiction wherein the fact was committed.' " *United States v. Kelly*, 661 F.3d 682, 686 (1st Cir. 2011) (quoting 3 William Blackstone, *Commentaries*, *130). "The writ is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.' " *Id*. (quoting *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)). "It operates as 'a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.' " *Id*. (quoting *Stewart*, 7 F.3d at 389). "The writ of habeas corpus *ad prosequendum*, like other writs of habeas corpus, is issued to the custodian of the detained individual." *Id*.

"When state and federal authorities exercise jurisdiction over a person at the same time, 'primary jurisdiction is generally determined by which one first obtains custody of, or arrests, the person.' " *Elwell v. Fisher*, No. 11-2595 (RHK/LIB), 2012 U.S. Dist. LEXIS 84823, at *9 (D. Minn. Apr. 25, 2012) (quoting *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)), *adopted by* 2012 U.S. Dist. LEXIS 83666 (D. Minn. June 18, 2012). "Primary jurisdiction continues with the first sovereign to have actual physical custody of the person until the first sovereign 'relinquishes its priority in some way' such as release on bail, dismissal of charges, parole, or expiration of the sentence." *Id*. In this case, Georgia arrested Defendant first and was the first sovereign to have actual physical custody of him;

Georgia thus has primary jurisdiction and retains primary custody of him. *See, e.g.*, *Bonds v. United States*, No. 2:13cv542-WKW (WO), 2015 U.S. Dist. LEXIS 123550, at *22 (M.D. Ala. Aug. 20, 2015) ("Although federal authorities took temporary custody of Bonds pursuant to the writ of *habeas corpus ad prosequendum* on the federal drug charges, the State of Georgia still retained primary custody of him," and he "remained in custody of the Georgia authorities during the time he was transferred for prosecution on the federal charges."), *adopted by* 2015 U.S. Dist. LEXIS 122577 (M.D. Ala. Sept. 15, 2015). "Issuance of a writ of habeas corpus *ad prosequendum*, in order to transfer a prisoner for prosecution in the proper jurisdiction, 'd[oes] not alter [the defendant's] custody status. It merely change[s] the location of his custody.' " *Elwell*, 2012 U.S. Dist. LEXIS 84823, at *9 (quoting *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994)). Courts have repeatedly stated that when a prisoner is transferred from the sovereign with primary jurisdiction to the requesting sovereign by writ of habeas corpus ad prosequendum, the prisoner is simply "on loan" to the requesting sovereign, in this case the United States. *See, e.g.*, *Kelly*, 661 F.3d at 686; *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008); *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980); *Crawford v. Jackson*, 589 F.2d 693, 695-96 (D.C. Cir. 1978); *Walker v. Warden, FCC Coleman, USP II*, No. 5:18-cv-123-Oc-02PRL, 2019 U.S. Dist. LEXIS

31142, at *8-9 (M.D. Fla. Feb. 27, 2019); *Hilton-Thomas v. Hastings*, No. CV213-030, 2013 U.S. Dist. LEXIS 143333, at *6 (S.D. Ga. June 17, 2013).

As the Government correctly points out (Doc. 15 at 3), when a defendant appears on a writ from state custody, bond proceedings on the federal charges are rendered moot. *See Ginn v. Rivera,* No. 2:15cv00026 JTR, 2016 U.S. Dist. LEXIS 197845, at *7 (E.D. Ark. Mar 16, 2016). That is true because even if the undersigned were to find Defendant was due to be released on bond, he would remain in custody on the state charges. If Defendant's circumstances change with respect to his state charges he may renew or amend his request for bond.

For the reasons stated above, Defendant's Motion For Bond (Doc. 14) is due to be **DENIED.**

**IT IS SO ORDERED** this 22nd day of August, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge